**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARMAINE RICKETTE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 10 C 7579 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Charmaine Rickette's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 and Respondent's motion to dismiss Rickette's Section 2255 motion as untimely. *See* 28 U.S.C. § 2255(f). For the following reasons, the Court grants Respondent's motion to dismiss. In addition, Rickette waived her right to bring the present Section 2255 motion in her written plea agreement, and thus the Court denies Rickette's Section 2255 motion on this basis, as well. Finally, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**FACTUAL BACKGROUND**

On February 21, 2008, a grand jury returned an indictment charging Rickette with one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count I), one count of bank robbery in violation of 18 U.S.C. § 2113(a) (Count II), and one count of using a firearm during and in relation to a bank robbery in violation of 18 U.S.C. § 924(c) (Count III). On November 25, 2008, Rickette pleaded guilty to Counts II and III of the indictment pursuant to a written plea agreement. The written plea agreement contained the following waiver:

> [T]he defendant also waives her right to challenge her conviction and sentence, and the manner in which the sentence was determined, and (in any case in which the term of imprisonment and fine are within the maximums provided by statute) her attorney's alleged failure or refusal to file a notice of appeal, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255. The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or its negotiation.

(R. 4, Ex. A, 11/25/08 Plea Agree., at 18, ¶ 23(b).) Also pursuant to the plea agreement, the government agreed to move the Court to depart from the applicable guideline range and statutory minimum sentence if Rickette continued to provide full and truthful cooperation. *See* U.S.S.G. § 5K1.1

On June 8, 2009, Judge David Coar sentenced Rickette to 106 months' imprisonment. At sentencing, the government moved for a reduction in Rickette's sentence pursuant to United States Sentencing Guideline § 5K1.1, which Judge Coar granted. Rickette did not file a direct appeal. Instead, on November 24, 2010, Rickette filed the present Section 2255 motion. The present Section 2255 motion was then assigned to the Court based on Judge Coar's retirement from the bench. Construing Rickette's pro se Section 2255 motion liberally, *McGee v. Bartow,* 593 F.3d 556, 566-67 (7th Cir. 2010), she challenges: (1) the sufficiency of the evidence and the validity of her plea concerning the Section 924(c) gun charge; (2) the voluntariness of her guilty plea as to the gun charge; and (3) her counsel's effectiveness of counsel under the Sixth Amendment to the United States Constitution.

## ANALYSIS

### I. Timeliness of Section 2255 Motion

In response to Rickette's Section 2255 motion, Respondent maintains that the instant motion is untimely under the one-year statute of limitations. *See* 28 U.S.C. § 2255(f)(1).

Specifically, a federal prisoner has one year from the date on which her judgment became final to file a Section 2255 motion. *See Clay v. United States,* 537 U.S. 522, 524-25, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003); *Latham v. United States,* 527 F.3d 651, 651 (7th Cir. 2008). A judgment is "final" for purposes of Section 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *See Clay,* 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"); *see also Robinson v. United States,* 416 F.3d 645, 646 (7th Cir. 2005).

Rickette did not file a notice of appeal, and thus she did not have the right to file a writ of certiorari because she was never "in" the Court of Appeals. *See Latham,* 527 F.3d at 652-53; 28 U.S.C. § 1254. Therefore, Rickette's one-year limitations period began to run fourteen days after the Court entered judgment, namely, the time in which she was required to file her notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b). *See United States v. Neff,* 598 F.3d 320, 322 (7th Cir. 2010) (2009 amendment changed time to file notice of appeal for criminal cases to within 10 to 14 days of entry of judgment). Because Judge Coar entered judgment on July 13, 2009, Rickette's judgment became final on July 27, 2009. Rickette therefore had until July 28, 2010 to file the present Section 2255 motion. The present Section 2255 motion was postmarked November 15, 2010, and thus is untimely. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (motion considered "filed" on date prisoner deposits motion in prison mail system).

The one-year limitations period is subject to equitable tolling, which courts grant only if extraordinary circumstances beyond the petitioner's control prevented the timely filing of the

3

Section 2555 motion. *See Nolan v. United States,* 358 F.3d 480, 484 (7th Cir. 2004) ("Equitable tolling of the statute of limitations is such exceptional relief that 'we have yet to identify a circumstance that justifies equitable tolling in the collateral relief context.'") (citation omitted); *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000) ("equitable tolling is granted sparingly"). A petitioner seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also* 28 U.S.C. § 2255(f)(4).

Here, Rickette argues that she had a high risk pregnancy while she was incarcerated and that she was brought to Chicago on a writ during the relevant time period. First, Rickette's pregnancy that left her bedridden does not establish the high threshold required for equitable tolling, especially because being bedridden does not necessarily prelude an inmate from filing the standard 28 U.S.C. § 2255 form. *See Johnson v. Chandler,* 224 Fed.Appx. 515, 2007 WL 836598, at *4 (7th Cir. 2007) (unpublished) (citing *Rouse v. Lee,* 339 F.3d 238, 248-50 (4th Cir. 2003)). And, although the Court appreciates that Rickette had a difficult pregnancy during part of the limitations period, the Court cannot excuse Rickette's late-filed Section 2255 based on sympathy alone. *See Threadgill v. Moore U.S.A., Inc.,* 269 F.3d 848, 851 (7th Cir. 2001).

Moreover, "being transferred from one prison to another" does not "constitute the kind of extraordinary circumstances that justified equitable tolling." *Montenegro v. United States,* 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds, Ashley v. United States,* 266 F.3d 671 (7th Cir. 2001); *see also Denton v. United States,* No. 08 C 4485, 2010 WL 3397349, at *5 (N.D.Ill. Aug,. 23, 2010) ("courts have explicitly rejected prison transfers justifying equitable

4

tolling"). Accordingly, Rickette has failed to establish that extraordinary circumstances outside of her control prevented her from filing a timely Section 2255 motion. *See Tucker v. Kingston,* 538 F.3d 732, 734 (7th Cir. 2008) ("Equitable tolling is rarely granted. Indeed, we have yet to identify a petitioner whose circumstances warrant it.") (internal citations omitted).

## II. Waiver

In addition, Rickette unequivocally waived her right to bring a Section 2255 motion in her written plea agreement. *See Bridgeman v. United States,* 229 F.3d 589, 591 (7th Cir. 2000) ("A plea agreement that also waives the right to file a § 2255 motion is generally enforceable"). Indeed, pursuant to her written plea agreement and Seventh Circuit case law, the only claim she can bring in her Section 2255 motion concerning her counsel's ineffectiveness must pertain to her counsel's negotiation of her plea waiver. *See Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Construing Rickette's pro se petition liberally, her ineffective assistance of counsel claim does not challenge her attorney's conduct in negotiating her waiver. *See, e.g., Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000). In fact, she makes no mention of her counsel's negotiation of her waiver.

Meanwhile, under her plea agreement and Seventh Circuit precedent, Rickette has not waived the right to challenge the voluntariness of her waiver. *See Bridgeman,* 229 F.3d at 591-92. In other words, Rickette may argue that the waiver of her right to file a collateral attack was made involuntarily. Rickette, however, makes no such argument. Instead, she argues that her guilty plea to the gun charge under Section 924(c)(1) was involuntary.

Finally, Rickette has waived her right to challenge the sufficiency of the evidence and the validity of her plea on the Section 924(c) gun charge because they are not within the exceptions

5

outlined in her plea agreement. In sum, Rickette's waiver in her written plea agreement bars the Court from considering her Section 2255 claims.

## III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Rickette a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in this order.

Under 28 U.S.C. § 2253(c)(2), a petitioner does not have an absolute right to appeal a district court's denial of a Section 2255 motion; instead, she must first request a certificate of appealability ("COA"). *See Miller-El v. Cockrell,* 537 U.S. 322, 335-36, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *see also* 28 U.S.C. § 2253(b). Rickette is entitled to a COA only if she can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). Under this standard, Rickette must demonstrate that reasonable jurists would find the Court's assessment of her Section 2255 claims debatable or wrong. *See Miller-El,* 537 U.S. at 336; *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In cases where a district court denies a claim on procedural grounds without reaching the merits of the underlying constitutional claims, a COA should issue if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485; *Latham,* 527 F.3d at 652.

Here, the Court can find no reason why reasonable jurists would debate or disagree with the Court's ruling that Rickette's Section 2255 motion is time-barred and that Rickette waived her right to bring a Section 2255 motion in her written plea agreement. Therefore, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss Petitioner Charmaine Rickette's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. Also, Petitioner waived her right to bring the present Section 2255 motion in her written plea agreement, and thus the Court denies her Section 2255 motion on this basis, as well. Finally, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

**Dated:** February 25, 2011

ENTERED

_____
**AMY J. ST. EVE**
**United States District Court Judge**